THE PEOPLE OF THE STATE OF ILLINOIS, on the relation of ELDREDGE S. JANNEY, Appellants, *v.* THE MISSISSIPPI AND ATLANTIC RAILROAD COMPANY, Appellees.

### APPEAL FROM CLARK.

The Atlantic and Mississippi Railroad Company is a valid and subsisting corporation, expressly invested with power to construct the road contemplated. by its organization.

THIS was a proceeding by *quo warranto,* to test the validity of the organization of the Mississippi and Atlantic Railroad Company, as the same existed under the general railroad law.

The record shows, that Alfred Kitchell, the State's attorney for the fourth judicial circuit, comprising the county of Clark, being absent, and not attending to the duties of his office, it was ordered, that Charles H. Constable be appointed State's attorney for the term, or until the State's attorney should appear and resume the duties of his office.

At the May term of the Clark Circuit Court, HARLAN, Judge,

The People *v.* Mississippi and Atlantic Railroad Company.

presiding, Eldredge S. Janney filed his affidavit, setting out, that the said company had, for the space of six months, in the said county of Clark, used, and was still using, certain liberties, privileges, and franchises, to wit, of being capable, in law, of purchasing and holding real estate and personal property necessary for the construction, equipment, and operating a railroad from a convenient point on the State line on the east, to connect with the Terre Haute and Richmond Railroad, taking its course thence through the counties of Clark, Cumberland, and through or near the north-west corner of Jasper county, &c., to terminate at or near Illinois Town, on the Mississippi River, and for the erection of all necessary buildings, &c., for the use of the same; also, the following liberties, privileges, and franchises, to wit, that of obtaining and holding by gift, grant, or purchase, the right of way for said railroad, to cause a survey or surveys thereof to be made, to enter upon lands and waters for that purpose, and to receive and hold real estate and other property, to aid in the construction, &c., of said railroad, &c., to intersect and unite with other railroads, &c., to transport passengers, freight, &c., for compensation, and to do all other things as fully as if incorporated by law, with ample authority and capacity for those purposes.

Upon this affidavit, the State's attorney filed his information in the name of the People, charging that the said company had usurped, and was usurping the said liberties, privileges, and franchises, &c., and prayed the advice of the court in the premises, and that due process of law should issue, &c., to ascertain by what warrant the said company claimed to have, use, and enjoy the liberties, privileges, and franchises aforesaid, &c.

The company waived process and entered their appearance, and filed a plea, setting out the law to provide for a general system of railroad incorporations, and the articles of association of the said company thereunder, and the subsequent proceedings, and that by means thereof, the said company was created and constituted a body politic and corporate in fact, and so continue to be, and therefore entitled to have, use, and enjoy all the rights, liberties, franchises, privileges, and immunities granted and conferred by the said act, and to do all the things complained of against them by the said writ, &c., and prayed judgment, &c.

To this plea, the State's attorney interposed a demurrer, upon which issue was taken, and the whole was submitted to the court for decision.

The court overruled the demurrer to the plea, and adjudged that the company might have and enjoy all the said rights, lib-

erties, privileges, and franchises claimed by their plea, and gave judgment against the informant for costs. Whereupon the State's attorney prayed an appeal; which was, by agreement, to be taken to the third general division of the State, to be held at Ottawa, to be heard at the then next term of said court.

The cause was heard at June term, and taken under advisement.

Subsequently the following proceedings were had in the case : —

And for a further plea in this behalf, the said defendants, by leave of the court, first had, and, by the agreement of the parties, hereto show to the court, that heretofore, to wit, on the 7th day of January, A. D. 1854, Joel A. Matteson, who was then the governor of the State of Illinois, duly elected, qualified, and commissioned at Springfield, in said State, issued his proclamation; which proclamation was in substance as follows : —

J. A. Matteson, Governor of the State of Illinois. To all to whom these presents shall come, greeting :

Whereas, it is provided, by the tenth section of the fourth article of the Constitution of this State, that the governor may, on extraordinary occasions, convene the general assembly by proclamation; and whereas, there are matters of importance which, in my estimation, require the early attention of the general assembly.

Now, therefore, I, Joel A. Matteson, governor of the State of Illinois, by virtue of the provision of the Constitution aforesaid, do, by this my proclamation, convene the general assembly, and appoint Thursday, the 9th day of February, 1854, for the meeting thereof, at which time, the members of the senate and house of representatives will assemble in the city of Springfield, and give consideration to the subject-matters embraced in the objects herein set forth, to wit : —

To district the State into senatorial and representative districts.

To amend charters of towns, cities, railroads, ferries, dikes, and plank roads, and to extend the same.

To amend the school law, and provide a superintendent of common schools for the State.

To prevent Eastern manufacturers and jobbers from selling their accumulated stocks of goods by samples.

To amend the township organization law.

To pass an act in relation to the interest of the State in the swamp and other lands in St. Clair county.

To amend the law establishing county courts, and to grant a change of venue in certain cases.

The People *v.* Mississippi and Atlantic Railroad Company.

To pass laws recognizing the existence of, and conferring additional powers upon corporations formed, or which may be formed prior to the action of the legislature thereon, under the act to provide for a general system of railroad incorporations, approved November 5th, 1849, declare the peculiar utility of their works, sanction the routes and termini thereof, and authorize the construction of the same.

To locate State roads, and pass acts in relation to public roads.

To authorize counties to borrow money for the erection of county buildings, and to issue bonds therefor, and make provision for paying the interest on the same; and also to define and establish the boundaries of counties.

To appropriate the seminary fund for the endowment of an industrial university.

To amend the act in relation to swamp lands.

To authorize the board of supervisors of McHenry county to appropriate money for educational and other purposes.

To amend the law creating the recorder's court of the city of Chicago.

To charter a gas-light company in the city of Springfield.

To pass laws to consolidate railroads and plank roads in this State, and with railroads and plank roads in other States; to make a mutual interest of the same, and to allow one to take the name of the other, as the directors of the corporations may agree in this State, and with roads in other States; and to pass such laws as will fully carry out the object as above; to issue bonds by roads so consolidated, to bear interest as may be agreed upon.

To settle and adjust matters with the commissioners and lessees of the Gallatin county saline.

To pass such law in relation to the county seat of Logan county as may seem expedient.

To provide for defraying the expenses of the special session of the general assembly; to improve the streets and square around the State house; to complete public buildings; and for transcribing records of fund commissioner's office.

In testimony whereof, I have hereunto set my hand, and caused the great seal of State to be affixed.

Done at the city of Springfield, this 7th day of January, in the year of our Lord one thousand eight hundred and fifty-four, and of the independence of the United States, the seventy-eighth.         (Signed,)         J. A. MATTESON.

By the Governor.

ALEXANDER STARNE, Secretary of State.

And they aver that, on said 9th day of February, A. D. 1854, the legislature of said State of Illinois, convened at Springfield, in pursuance of said proclamation, and at their said session then and there began and held, an act was passed by the general assembly, in due form of law, which act is entitled " An Act recognizing and authorizing the construction of the Mississippi and Atlantic Railroad," which act is, in substance, as follows : —

Section 1st. Be it enacted, by the people of the State of Illinois, represented in the general assembly, that the Mississippi and Atlantic Railroad Company, as formed under articles of association filed in the office of the secretary of State, is hereby declared to be a valid and subsisting corporation, by that name, duly organized under and duly vested with all and singular the rights, privileges, and powers contained in an act, entitled " An Act to provide for a general system of railroad incorporations," approved November 5th, 1849 ; and said company is hereby authorized to commence, construct, and maintain the said Mississippi and Atlantic Railroad, from a point on the eastern line of the State of Illinois, in the direction of Terre Haute, Indiana, to a point on the Mississippi River at or near Illinois Town, as in their articles of association specified, in accordance with the provisions of the act hereinbefore recited, the acts amendatory thereof, and of this act, and the acts and proceedings of said company hitherto, in and about the prosecution and construction of said road, its crossings, connections, and running arrangements with other roads within the State, are hereby declared valid and binding.

Section 2d. The said Mississippi and Atlantic Railroad, is hereby declared to be a work of sufficient public utility, to justify the taking of private property for constructing and maintaining said road, and the same may be appropriated whenever requisite, under the provisions of the acts now in force for that purpose.

Section 3d. Said company shall have power to borrow money for the construction, equipment, and maintenance of said road, and to issue its bonds therefor at such rate of interest as its directors may prescribe, not exceeding seven per centum per annum ; and for security therefor, to mortgage its road property and franchises, and any sale of said bonds at less than par shall be as valid and binding upon said company as if the same had been sold for the par value thereof.

Section 4th. Said company shall have power to take and hold stock in, or loan its credit to any railroad company within this State, whose road may connect directly, or by connecting lines, with said Mississippi and Atlantic Railroad.

The People *v.* Mississippi and Atlantic Railroad Company.

Section 5th. Said company is hereby empowered to construct so much of the line of road as lies between the eastern line of this State and Terre Haute, under such provisions as may be made by the laws of the State of Indiana, or to form a connection with any company that may be organized for that purpose; to consolidate the stock of said companies, or to lease, manage, or control the said connecting line of road, on such terms as may be agreed upon between the parties.

Section 6th. This act shall take effect and be in force from and after its passage; which said act was afterwards, during the same session of the general assembly, to wit, on the 23d day of February, A. D. 1854, signed and approved by the governor of said State of Illinois, and became a law, and is now a law of said State, in nowise amended or repealed.

And the said defendants aver, that by virtue of the laws of this State theretofore existing, and by virtue of said above-recited act, and under and in pursuance of their organization and articles of association filed in the office of the secretary of State for said State, and mentioned in the former plea filed herein, they are now a valid and subsisting corporation, and have the right to construct the railroad mentioned and referred to in the above-recited acts, and specified in said articles of association, in the manner in said laws and articles specified; and this they are ready to verify. Whereupon, they pray judgment, &c., and that said writ of *quo warranto* be dismissed.

TRUMBULL and COOK, *Attorneys for defendants.*

It is hereby stipulated and agreed, by and between the parties to the above entitled suit, that the defendants shall be permitted to file the annexed plea in said court, and the attorney representing the people a demurrer thereto; and that said plea shall have the same effect, and be considered by said Supreme Court in the same manner and with like effect, as if this proceeding had been commenced subsequent to the passage of the act recited in said plea; and said plea had, in the proper time and manner, been interposed in the circuit court of said Clark county, in connection with the plea before filed herein, and a demurrer to said plea overruled in said circuit court, and the cause thereafter removed to said Supreme Court.

And it is further agreed, that if the defendants are now, by virtue of the several laws of this State, including the act recited in the plea annexed, a valid corporation, and authorized to construct a railroad in the manner and on the route specified in their articles of association, (which articles of association, now on file in the office of the secretary of this State, are hereby

made a portion of this agreed case, to be considered by said court in determining the same,) then the writ of *quo warranto* shall be dismissed; otherwise, the proper judgment shall be rendered in this court against the defendants; and it is further stipulated, that this case may be decided by said court without a rehearing, at the same time that the original cause could be decided by law, if this stipulation had not been made a part of the case; either party having leave to file a written brief or argument in four days from the filing of this agreement; and it is agreed, that the demurrer heretofore filed shall be considered as being filed as to the annexed plea, in the same manner as if filed subsequent to the filing of the said plea.

CHARLES H. CONSTABLE, *Attorney for relator, &c.*
TRUMBULL, GLOVER, and COOK, *Attorneys for defendants.*

C. H. CONSTABLE, J. GILLESPIE, and BLACKWELL and BECKWITH, for appellants.

L. TRUMBULL, J. A. McCLERNAND, V. WORTHINGTON, and GLOVER and COOK, for appellees.

TREAT, C. J.    It becomes unnecessary to determine whether the defendant had authority to construct the road in question, by virtue of the provisions of the " Act to provide for a general system of railroad incorporations."    Even if it possessed no such authority under that law, ample power has been given it by subsequent legislation.    The " Act recognizing and authorizing the construction of the Mississippi and Atlantic Railroad," approved the 23d of February, 1854, not only declares the defendant " to be a valid and subsisting corporation," but expressly invests it with power to construct the road.    This act removes all difficulty in the case.    If the company had not the right originally to construct the road, the legislature has expressly conferred it.    If there were defects in its organization, they are clearly cured by this act.    If the company had forfeited its franchises, the State has waived the forfeiture.    This court has now no power to declare a forfeiture for any cause existing prior to the passage of this act, as the State alone may insist upon or waive a forfeiture.    It is manifestly the duty of the court to affirm the judgment entered below, and thus leave the company to prosecute the enterprise to completion.

The judgment must be affirmed.

*Judgment affirmed.*